UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH RUCHAK,

    Plaintiff,

v.

CENTURY SECURITY SERVICES, INC., et al.,

    Defendants.

Case No. 3:09-CV-412

(Judge Kosik)

## MEMORANDUM

Presently before us is Defendants' Motion to Dismiss Plaintiff's Complaint. (Doc. 2.) Pursuant to 42 U.S.C. § 1983, Plaintiff's Complaint alleges that Defendants violated Plaintiff's Fourth and Fourteenth Amendment rights. Specifically, Plaintiff alleges that Defendants Justin Tokar ("Tokar") and Matthew Fredmonski ("Fredmonski") falsely arrested Plaintiff using unreasonable and excessive force while Defendants were working as security guards at the Wilkes-Barre/Scranton International Airport (the "Airport"). Plaintiff also alleges that Defendant Century Security Services, Inc. ("Century") should be vicariously liable for Tokar and Fredmonski's conduct while they were in Century's employ and that Century was negligent or reckless in hiring, training, and/or supervising Tokar and Fredmonski. We have subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331, because the claims in the Complaint raise federal questions.

For the following reasons, we will deny in part and grant in part Defendants' Motion. Specifically, we will deny Defendants' Motion as to Tokar and Fredmonski. We will also deny Defendants' Motion as to Count I, which addresses Century's alleged negligence in hiring, training, and/or supervising Tokar and Fredmonski. We agree, however, with Defendants that

1

§1983 is inappropriately applied to Century. We will therefore grant Defendants' Motion as to Count VI of Plaintiff's Complaint and will dismiss Century from the § 1983 claim.

## PROCEDURAL HISTORY

On January 23, 2009, Plaintiff filed the Complaint against Defendants Tokar, Fredmonski, and Century in the Court of Common Please for Luzerne County, Pennsylvania. (Doc. 2.) Defendants removed the action to the United States District Court for the Middle District of Pennsylvania on March 5, 2009. (Doc. 1.) On March 31, 2009, Defendants filed their Motion to Dismiss Plaintiff's Complaint. (Doc. 6.) Both parties filed appropriate briefs in support of their respective positions regarding dismissal. (Docs. 7, 10, 11.) The Motion is now ripe for disposition.

## FACTUAL BACKGROUND

This case involves an altercation between Plaintiff and Defendants Tokar and Fredmonski, who were working as security guards for Defendant Century at the Airport. On May 29, 2009, Plaintiff accompanied his mother and brother, both of whom are handicapped, to the Airport so that Plaintiff's brother could catch a flight. After asking and receiving permission from Tokar, Plaintiff parked his car in front of the Airport in order to assist his mother and brother. Plaintiff alleges that upon Plaintiff's return to the car, Tokar asked him why he had parked for so long. Plaintiff explained his need to wait for his mother, at which point Tokar advised him to drive his car around the Airport instead of remaining parked.

When Plaintiff returned and again parked in front of the Airport, Tokar asked Plaintiff to leave. Plaintiff alleges he then parked his car on the top level of the Airport's parking garage and entered the Airport on foot. While inside the Airport, Plaintiff approached Fredmonski, who was also working as a security guard, and reported that Tokar had prevented Plaintiff from

2

waiting for his mother outside the Airport. Fredmonski asked Plaintiff to leave the Airport, at which point Plaintiff demanded the names and identification numbers of Fredmonski and Tokar. Plaintiff alleges Fredmonski refused to provide this information. When Plaintiff's demand that Fredmonski call the police was likewise refused, Plaintiff returned to his car and proceeded to drive to the front of the Airport. Plaintiff parked in front of the Airport terminal, where Fredmonski recorded Plaintiff's license plate number and began to issue Plaintiff a citation. When Plaintiff began to assist his mother into his car, Fredmonski advised Plaintiff that Fredmonski was placing Plaintiff under arrest. Plaintiff told Fredmonski that he refused to move his car or to go anywhere until additional security arrived or police officers arrived. At this point, Fredmonski again informed Plaintiff that Plaintiff was under arrest. Plaintiff alleges that Fredmonski then threw Plaintiff to the ground and handcuffed him. Once handcuffed, Plaintiff alleges that Fredmonski threw him to the ground a second time, with Tokar's aid, and tightened the handcuffs as much as possible, causing Plaintiff severe pain and distress. Plaintiff also alleges that Fredmonski asked Plaintiff, "How do you like the pain?" while tightening the handcuffs.

Plaintiff alleges that this incident caused him a variety of medical maladies, including carpel tunnel syndrome; numbness in his hands, fingers, arms, and wrists; and bruising and abrasions to his knees, arms, and hands. Plaintiff requests punitive damages, compensatory damages, attorneys' fees, and costs.

## STANDARD OF REVIEW FOR A RULE 12(B)(6) MOTION TO DISMISS

Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief; the complaint must provide the defendant with fair notice of the claim. See

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). When considering a Rule 12(b)(6) motion to dismiss, the court must view the complaint in the light most favorable to the plaintiff and must accept all well-pleaded allegations as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007); Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir. 1985). The issue in a motion to dismiss is whether the plaintiff should be entitled to offer evidence to support the claim, not whether the plaintiff will ultimately prevail. See Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (the Rule 8 pleading standard "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.") (internal quotations omitted); Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996).

The onus is on the plaintiff to provide a well-drafted complaint that alleges factual support for its claims. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal citations omitted). The court need not accept unsupported inferences, Cal. Pub. Employees Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004), nor legal conclusions cast as factual allegations, Twombly, 550 U.S. at 556. Legal conclusions without factual support are not entitled to the assumption of truth. See Ashcroft v. Iqbal, --- U.S. ---, ---, 129 S. Ct. 1937, 1949–50 (2009) ("Threadbare recitals of elements of a cause of action, supported by mere conclusory statements," do not satisfy the requirements of Rule 8).

Once the court winnows conclusory allegations from those allegations supported by fact, which it accepts as true, the court must engage in a common sense review of the claim to determine whether it is plausible. This is a context-specific task, for which the court should be

guided by its judicial experience. The court must dismiss the complaint if it fails to allege enough facts "to state a claim for relief that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. The complaint that shows that the pleader is entitled to relief—or put another way, is facially plausible—will survive a Rule 12(b)(6) motion. See Fed. R. Civ. P. 8(a)(2).

## DISCUSSION

### I.    42 U.S.C. § 1983 Claim Against Tokar and Fredmonski

Plaintiff alleges that Defendants Tokar and Fredmonski violated his Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure and to receive procedural due process before being deprived of his liberty. Conversely, Defendants argue that they did not act under color of state law, making a § 1983 claim inappropriate. Defendants alternatively argue that we should dismiss Plaintiff's Complaint because Defendants are entitled to qualified immunity. We find that Plaintiff's Complaint sufficiently states a claim for relief under § 1983 to survive Defendants' Motion with regard to Tokar and Fredmonski.

"In order to establish a section 1983 claim, a plaintiff 'must demonstrate a violation of a right secured by the Constitution and the laws of the United States and that the alleged deprivation was committed by a person acting under color of state law." Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996) (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)). "[W]hether the alleged constitutional violation occurred under color of state law[] has been defined in this circuit as 'the misuse of power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" Gillard v.

5

Schmidt, 579 F.2d 825, 829 (3d Cir. 1978) (quoting Basista v. Weir, 340 F.2d 74, 80 (3d Cir. 1978)). In essence, the question "is whether the alleged infringement of federal rights is 'fairly attributable to the State.'" Nonnemaker v. Ransom, No. 99-CV-912, 1999 WL 387084, at *2 (E.D. Pa. May 26) (citing Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982)). A person acts under color of state law when "he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." Lugar, 457 U.S. at 937.

In general, private security guards fall outside the scope of § 1983 claims. See Lewis v. J.C. Penney Co., Inc., 948 F. Supp. 367, 373 (Del. 1996) (holding that security guards permitted by statute "to temporarily detain suspected shoplifters until the police can take charge at the scene" did not act under color of state law). However, "[w]hen the state creates a system permitting private parties to substitute their judgment for that of a state official or body, a private actor's mere invocation of state power renders that party's conduct actionable under § 1983." Cruz v. Donnelly, 727 F.2d 79, 82 (3d Cir. 1984) (concluding that private security guards are generally not "drape[d] ... with the power of the state," and therefore do not act under color of state law). Essentially, once the state has clothed an individual in the power of the state, and the individual "purports to act under that authority, his action is state action. It is irrelevant that he might have taken the same action had he acted in a purely private capacity or that the particular action which he took was not authorized by state law." Griffin v. Maryland, 378 U.S. 130, 134 (1964) (holding that an off-duty police officer acted under color of state law when he wore his uniform and official identification while working as a security guard).

In Cruz, a shopper at a department store "aroused the suspicion of store employees," who in turn called the police. Cruz, 727 F.2d at 79. The police officers "forcibly escorted [the

6

shopper] to the store manager's office," where the manager accused the shopper of shoplifting. See id. The manager then ordered the police officers to strip search the shopper. See id. The police officers searched the shopper, "all the time disparaging his Puerto Rican heritage." See id. The shopper filed a § 1983 action against the store and its manager, as well as against the two police officers. See id. The Court of Appeals for the Third Circuit held that because no agreement subordinated the policemen's judgment to that of the store and store manager, it would be inappropriate to impose § 1983 liability on the store and its manager. See id. at 82; see also Lewis, 948 F. Supp. at 373 (dealing with detention of a shoplifter by private security guards).

We distinguish this case from Cruz and Lewis, which involved private, commercial settings and allegations of shoplifting. In the present case, Lackawanna and Luzerne Counties ("the Counties") are state actors with a duty to provide a security force to protect individuals using the Airport. According to Plaintiff's Complaint, the Counties have contracted with Century "to provide security personnel to guard, protect[,] and police the grounds and buildings of the airport." (Doc. 2.) Plaintiff also alleges that the contract between Century and the Counties vests Century's security guards with "the authority and power to detain and arrest individuals." (Id.) Plaintiff's allegations, if true, make Century's security guards' conduct fairly attributable to the state because the Counties have clothed the guards in state authority.[1]

We also reject Defendants' affirmative defense of qualified immunity. With regard to the question of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Defendants' qualified immunity

---

[1] See 74 Pa.C.S.A. §§ 5903(a)(10) and 5904.

defense fails due to the clearly established nature of the rights Plaintiff alleges Defendants violated.

We will therefore deny Defendants' Motion to Dismiss with regard to Defendants Tokar and Fredmonski. We also decline to dismiss Plaintiff's other claims against Tokar and Fredmonski (Counts II, III, IV, and VI).

**II.     42 U.S.C. § 1983 Claim Against Century**

Plaintiff alleges that Century is liable to Plaintiff under § 1983 based on a theory of *respondeat superior*. Century argues that such liability cannot support a § 1983 claim because Century lacks personal involvement in any alleged violation of Plaintiff's rights. Century also argues that Plaintiff fails to allege any practice, custom, or policy of Century's that would convert its employees' intentional torts into acts for which it could be vicariously liable under § 1983. We agree, and therefore grant Defendants' Motion with regard to Defendant Century in Count VI.

"A defendant in a civil rights action must have a personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). A defendant "may not be sued under § 1983 for an injury inflicted solely by its employees or agents," unless "action pursuant to official ... policy of some nature caused a constitutional tort." Monell v. Dep't. of Soc. Servs. of New York, 436 U.S. 658, 692, 694 (1978). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence," although these allegations "must be made with appropriate particularity." Rode, 845 F.2d at 1207.

In Rode, plaintiff Rode was a civilian employee of the Pennsylvania State Police ("PSP"). See id. at 1197. After Rode's brother-in-law, also an employee of PSP, testified

8

against PSP in a civil rights case, Rode experienced retaliation from within her department. See id. at 1203. Rode subsequently filed suit against PSP, as well as the governor for his role in supervising state departments, including PSP. See id. at 1207. The Court of Appeals for the Third Circuit affirmed the district court's dismissal of the governor as a party due to Rode's failure to plead with particularity his "knowledge and acquiescence" regarding the harassment Rode suffered. Id. at 1208. The court held that "Rode failed to show that the Governor had the necessary personal knowledge to sustain a civil rights action as to him." Id.

The present case is similar to Rode. Plaintiff has alleged only that Century employed Tokar and Fredmonski as security guards at the Airport. It may be that Plaintiff can demonstrate Century was negligent in its employment practices, as Plaintiff claims in Count I of his Complaint; both parties' further discovery will reveal whether this count can be resolved through summary judgment. Plaintiff does not allege, however, that Century was complicit in Tokar and Fredmonski's treatment of Plaintiff or that Century had a policy, custom, or practice of encouraging harassment or aggressiveness towards individuals in the Airport. Instead, Plaintiff's Complaint alleges that Tokar and Fredmonski in fact violated Defendant Century's policy regarding the use of excessive force. Even when we view Plaintiff's allegations in the light most favorable to Plaintiff, imposing liability on Century for Tokar and Fredmonski's intentional violations of Plaintiff's constitutional rights would be inappropriate.

For the foregoing reasons, we will grant Defendants' Motion to Dismiss Count VI with regard to Defendant Century. We will deny Defendants' Motion as to Count I, which deals with Century's alleged negligence and recklessness in hiring, training, and supervising Tokar and Fredmonski. We will retain supplemental jurisdiction over Century for the purposes of resolving Count I pursuant to 28 U.S.C. § 1367(a).

## CONCLUSION

Viewing the Complaint in the light most favorable to Plaintiff, we find that Plaintiff has alleged sufficient grounds to support his claims for relief with regard to Counts I, II, III, IV, and V, as well as Count VI as against Defendants Tokar and Fredmonski. We will therefore deny Defendants' Motion to Dismiss with regard to those counts. As we have discussed in this memorandum, however, we will grant Defendants' Motion to Dismiss Plaintiff's § 1983 claim against Defendant Century. Plaintiff has failed to allege any facts in his Complaint that suggest that imposing vicarious liability against Century is appropriate for purposes of § 1983. We will therefore deny Defendants' Motion to Dismiss on all counts except Count VI as it applies to Defendant Century, which we will dismiss. An appropriate order follows.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH RUCHAK,

        Plaintiff,

   v.

CENTURY SECURITY SERVICES, INC., et al.,

        Defendants.

Case No. 3:09-CV-412

(Judge Kosik)

## ORDER

AND NOW, this 14 day of September, 2009, IT IS HEREBY ORDERED THAT:

1. Defendants' Motion to Dismiss (Doc. 6) is **DENIED** as to Counts I, II, III, and IV of Plaintiff's Complaint (Doc. 2);

2. With regard to Count VI, Defendants' Motion to Dismiss (Doc. 6) is **DENIED** as to Tokar and Fredmonski, and **GRANTED** as to Defendant Century;

3. Defendants' Motion to Dismiss (Doc. 6) is **GRANTED** as to Count V; and

4. Defendants have 20 days from the date of this Order to file an answer to Plaintiff's Complaint.

                                                  Edwin M. Kosik
                                                  United States District Judge